No. 16-55388

In the
United States Court of Appeals
For the Ninth Circuit

ROBERT EDWARD TRAVIS;
KERRI JUNE WILKERSON,

    Plaintiffs and Appellants

    v.

NATIONSTAR MORTGAGE, LLC;
AND VERIPRISE PROCESSING
SOLUTIONS, LLC

    Defendants and Appellees.

On Appeal From an Order of
The United States District Court
For the Central District of California
Honorable Andre Birotte, Jr.
District Court Case No. 15-06516-AB (KLSx)

**APPELLANTS' REPLY BRIEF**

Michael A. Morguess
LAW OFFICE OF MICHAEL A. MORGUESS
1440 North Harbor Boulevard, Suite 900
Fullerton, California 92835
Telephone: (714) 726-1654
mmorguess@gmail.com

                                            Attorneys for Appellants
                                            ROBERT EDWARD TRAVIS;
                                            KERRI JUNE WILKERSON

TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................. ii

A. Appellants have not conceded they had previously entered into a loan modification agreement, now were they required to verify the amended complaint under Rule 11 .................................................................. 1

B. Appellee's argument that Appellants were not entitled to a single point of contact because they conceded they never actively requested one is deception and takes the allegations out of context ............................... 2

C. It is not necessary for Appellants to allege that Nationstar suggested to them that they forgo exploring other possible routes to avoid foreclosure in order to show harm from Nationstar's subsequent failures to communicate ............................................................................... 3

D. Appellants were not required to request leave to amend to allege a material change in financial circumstances under §2923.6(g) ....................... 5

E. Conclusion ............................................................................................... 6

    CERTIFICATE OF COMPLIANCE ......................................................................... 7

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Cook, Perkiss & Liehe v. N. Cal. Collection Serv.*
911 F. 2d 242 (9th Cir. 1990)...................................................................................6

## CALIFORNIA CASES

*Jolley v. Chase Home Finance, LLC*
(2013) 213 Cal. App. 4th 872..................................................................................5

*Otto v. Los Angeles Unified School Dist.*
(2001) 89 Cal. App. 4th 985....................................................................................1

## STATUTES

### Federal Rules of Civil Procedure

§ 11 ........................................................................................................................1

## CALIFORNIA STATUTES

### Civil Code

§ 2923.6(g) .............................................................................................................5
§ 2923.7..................................................................................................................4
§ 2923.7(b) ........................................................................................................ 2, 3
§ 2924.12................................................................................................................1
§ 2927.7(b).............................................................................................................3

**A. Appellants have not conceded they had previously entered into a loan modification agreement, nor were they required to verify the amended complaint under Rule 11**

Appellee argues that by their original complaint, Appellants have conceded that they already received a loan modification agreement; and further that their First Amended Complaint alleging otherwise is unavailing because it is unverified. However, unless required by some other statute, "a pleading need not be verified." (Fed. Rules Civ. Proc., Rule 11) Cal. Civ. Code section 2924.12, which authorizes this action, does not require the complaint to be verified. Moreover, Appellees have placed before the Court the at-issue document titled Loan Modification Agreement. (Motion for Judicial Notice, Ex. C (Dkt. Entry 24-4)) Its contents are consistent with Appellants' allegations of the First Amended Complaint, verified or not, that they simply received a reamortization of their original loan term because the bank reamortized the delinquent portion of the loan, thereby increasing the balance. (FAC ¶18, EOR 076-077; compare with Mot. for Jud. Notice, Ex. C, p. 1 (Dkt. 24-4 p. 2) That the document is titled Loan Modification Agreement is not dispositive; whether it constitutes such "depend[s] entirely upon its contents" and not its title. (*Otto v. Los Angeles Unified School Dist.* (2001) 89 Cal. App. 4th 985, 998)

1

**B. Appellee's argument that Appellants were not entitled to a single point of contact because they conceded they never actively requested one is deceptive and takes the allegations out of context**

Nationstar points out that the HBOR requires a mortgage services to assign a single point of contact (SPOC_ "[u]pon request from a borrower" (Cal. Civ. Code §2923.7(b)(1)), but argues that Appellants alleged affirmatively that they "never actively requested a SPOC," citing to the First Amended Complaint. (EOR 80 ¶43) However, Nationstar fails to mention that the very same paragraph of the First Amended Complaint also alleges one was never actively requested "because Nationstar's procedure is to automatically assign a SPOC." (Id. 080 ¶43) Thus it was not necessary to actively pursue such a request. As the FAC explains Nationstar "held themsel[f] out as auto-appointing a SPOC to the file" and that "Nationstar automatically responded with the appointment of . . . a dedicated loan specialist in the foreclosure prevention department" that was understood to be the SPOC. (Id. 080 ¶44) Thus, the FAC alleges, actively requesting an SPOC "was impractical because Nationstar's policies and procedures are designed to automatically appoint a SPOC" (¶ 45) and a SPOC "was in fact appointed." (¶46)

2

## C. It is not necessary for Appellants to allege that Nationstar suggested to them that they forgo exploring other possible routes to avoid foreclosure in order to show harm from Nationstar's subsequent failures to communicate

Nationstar argues, among others, that its failure to communicate or otherwise proceed according to the HBOR cannot itself rise to the level of causing harm unless Nationstar actually told Appellants they should forego other resolutions independent of what Nationstar might be able to offer them, and there is no such allegation in the FAC. But the purpose of the communication requirements of the HBOR—independent of any particular outcome or resolution—is to prevent the very harm caused. As the District Court correctly noted, upon submission of an application, Nationstar was still required to communicate and provide notifications though its SPOC concerning the status of the application or what documents were missing, and about available foreclosure prevention alternatives. (1 EOR 007-008, citing Cal. Civ. Code §§ 2923.7(b), 2927.7 (b)(1) & (4)) Here, when Enterlinx (the third party engaged by Appellants to assist with a loan modification or other resolution) initiated contact with Nationstar, Nationstar did assign a representative from the Foreclosure Prevention Department, who provided her contact information was identified as a dedicated loan

3

specialist. (EOR 077, ¶ 21) Nationstar later reached out to Enterlinx to inform it a new SPOC was being assigned, and later that a third person was assigned to Appellants' file. (EOR 078 ¶¶23-24) Appellants thereafter submitted a loan modification application, it was received, and after silence, an updated hardship package was submitted. (EOR 078-079 ¶¶ 27-30) Although Nationstar chose not to respond, it did verbally confirm that there were delays in acknowledging receipt of submissions, but would not answer substantive questions on status or process. (EOR 079 ¶ 35) It does not deny that it received the applications (although it hasn't answered yet either).

    To now take the position that its failure to comply with certain provisions of the HBOR is not only excused, but puts the onus of Nationstar's statutory violations back on the borrower because ultimately it may be under no obligation to grant a modification misses entirely the point of the HBOR. As argued in the Opening Brief, it is the preemption of an opportunity to take alternative action, by Nationstar's failure to communicate and provide the required information—which the Court readily acknowledges is a violation of §2923.7, that is the cause of the harm. "The single point of contact provision, like the dual-tracking provision, is intended to prevent borrowers from being given the runaround, being told one thing by one bank employee while something entirely different is being

pursued by another [and to] 'timely, accurately, and adequately inform the borrower of the current status of' his loan modification request. [citation]" *Jolley v. Chase Home Finance, LLC* (2013) 213 Cal. App. 4th 872, 904, 905.[1] The alleged failures to communicate caused the very harm the HBOR seeks to redress.

**D. Appellants were not required to request leave to amend to allege a material change in financial circumstances under §2923.6(g)**

Contrary to Appellee's argument, it is not so much that the increase in monthly payment itself constitutes the material change in financial circumstances—particularly where, as alleged, Appellants successfully made payments on the re-amortized loan for three years. But Appellants were never given an opportunity to even amend the allegations concerning change in circumstances. The Court stated "the FAC reveals that Plaintiffs defaulted 'because the payment increased,' FAC ¶19, presumably as per the terms of the loan as modified. This does not amount to a material change in the Plaintiffs' financial circumstances." (1 EOR 008) This was not raised by the

---

[1] Appellees note that *Jolley v. Chase Home Fin., LLC, supra*, does not analyze the HBOR; it does, however, inform the relevant issue here of whether Nationstar's action or inaction in violation of the HBOR may sufficiently serve as causation for damages. (213 Cal. App. 4th at 904-905) There is no basis upon which Appellees suggest the analysis of causation should be any different, nor is there any reason it should.

Court in the earlier order (Dkt. 13), and Appellants were not previously directed to amend this allegation.

The allegations as presented in the FAC are not inconsistent with a material change in financial circumstances; indeed, such can be reasonably inferred from the allegations. And even if Appellants did not request leave, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe v. N. Cal. Collection Serv.*, 911 F. 2d 242, 247 (9th Cir. 1990) The pleading can be cured by the allegation of other facts.

### E. Conclusion

The judgment should be reversed with directions for the District Court to set aside the dismissal and to proceed with the case.

Dated: December 30, 2016   Respectfully Submitted,
LAW OFFICE OF MICHAEL A. MORGUESS

/s/Michael A. Morguess
Michael A. Morguess
Attorneys for Appellants,
ROBERT EDWARD TRAVIS;
KERRI JUNE WILKERSON

6

## CERTIFICATE OF COMPLIANCE

I certify that pursuant to Circuit Rule 237(a)(7)(c) and Ninth Circuit Rule 32-1, that this Appellants' Reply Brief is proportionately spaced, uses Times New Roman typeface of 14 points, and contains 1,391 words.

Dated:  December 30, 2016        Respectfully Submitted,
                                 LAW OFFICE OF MICHAEL A. MORGUESS

                                 /s/Michael A. Morguess
                                 Michael A. Morguess
                                 Attorneys for Appellants,
                                 ROBERT EDWARD TRAVIS;
                                 KERRI JUNE WILKERSON

## **CERTIFICATE OF SERVICE**

I, Michael A. Morguess, certify that on December 30, 2016, the foregoing document titled APPELLANTS' OPENING BRIEF was filed electronically in the Court's ECF; thereby upon completion the ECF system automatically generated a "Notice of Electronic Filing" ("NEF") as service through CM/ECF to registered email addresses of attorneys for parties of record in this case.

/s/ Michael A. Morguess
Michael A. Morguess
